IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN SCHWIND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| DAGMARA KOSTE, | ) | Case No. 19-cv-07412 |
| PEDRO CARRASCO, DETECTIVE C. | ) | |
| SVENDSEN, EVANSTON POLICE | ) | Judge Jorge L. Alonso |
| DEPARTMENT, POLICE CHIEF | ) | |
| DEMITROUS COOK, and CITY OF | ) | |
| EVANSTON, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Steven Schwind brings claims under 42 U.S.C. § 1983 and state law against Defendants City of Evanston, Evanston Police Department, Police Chief Demitrous Cook, Detective C. Svendsen, Officer Dagmara Koste, and Officer Pedro Carrasco for defendants' allegedly tortious conduct in arresting Schwind in July 2018. Defendants now move to dismiss Schwind's claims pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons that follow, defendants' motion [11] is granted in part and denied in part.

**BACKGROUND**

Except where otherwise noted, the Court takes the following facts from Schwind's Complaint. (Pltf.'s Compl., ECF No. 1, Ex. A at 8-16.) These facts are accepted as true for purposes of deciding the instant motion. *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013).

Schwind's suit stems from an encounter he had with Evanston police on the afternoon of July 6, 2018. According to Schwind, he was at 1609 Maple Avenue in Evanston when Defendant

Officer Dagmara Koste and Defendant Officer Pedro Carrasco stopped him and searched him. Following the search, and despite allegedly knowing that Schwind "was unarmed, non-combative, and no threat to anyone," Defendant Koste used her Taser on Schwind. After Schwind was placed in handcuffs, Defendant Carrasco then repeatedly struck Schwind in the face with closed fists. Schwind alleges there was no reason for the defendant officers to use force during the encounter.

The next day, on July 7, 2018, Defendant Svendsen prepared written reports and filed a felony criminal complaint against Schwind in Cook County Circuit Court relating to the July 6 encounter. Svendsen allegedly knew that the felony complaint and the written reports she prepared were untruthful. Likewise, on July 10, 2018, both Defendant Koste and Defendant Carrasco prepared written reports about the July 6 encounter that they knew were untruthful.

Schwind was charged with and ultimately pleaded guilty to one count of resisting a peace officer, a felony. In their motion to dismiss, defendants include public records relating to Schwind's guilty plea, including a certified statement of conviction and a transcript of the July 8, 2019 proceedings during which Schwind pleaded guilty. (*See* Defs.' Mot. to Dismiss, ECF No. 11, Exs. B and C.)[1] During the proceedings, Schwind said he understood that he was being charged with "resisting a police officer…in that [he] knowingly resisted" while Defendant Koste was performing her duties as a police officer and that his resistance "was the proximate cause of injury to said police officer." (ECF No. 11, Ex. C at 3:15-4:5.) After acknowledging he understood, Schwind pleaded guilty. (*Id.*)

Also during the proceedings, the Cook County Assistant State's Attorney read a factual basis for the charge into the record. In relevant part, the assistant state's attorney related that on

---

[1] As defendants point out in their motion to dismiss, the Court may take judicial notice of these public records without converting defendants' Rule 12(b)(6) motion into a motion for summary judgment. *See Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 493 (7th Cir. 2011); *Jackson v. City of Chicago*, No. 14 C 6746, 2017 WL 8199322, at *5 (N.D. Ill. Dec. 12, 2017).

July 6, 2018, Defendant Koste and her partner were called to 1609 Maple Avenue for a disturbance and found Schwind, who appeared intoxicated. (*Id*. at 6:6-15.) An ambulance was called to the scene, and things apparently turned physical when Defendant Koste and Captain Lynch, a member of Evanston's fire department, tried to get Schwind into the ambulance:

> The defendant pushed Captain Lynch with a hand. Officer Koste went to grab the defendant. The defendant pulled away and swung his arm to pull away from Officer Koste striking Officer Koste about the face with his fist and forearm. Officer Koste told the defendant that he was under arrest and to put his hands behind his back. However, the defendant did not comply at which point the defendant was tased. Officer Koste attempted to put handcuffs on the defendant. The defendant continued to flail and pulled his arms causing injuries including, but not limited to, scrapes to Officer Koste's body as well as abrasions….

(*Id*. at 6:21-7:10.) Schwind stipulated to these facts, and the judge found a factual basis existed for Schwind's guilty plea and accepted the guilty plea. (*Id*. at 7:13-21.) Aside from a passing reference, there was no specific mention of Defendant Carrasco nor his involvement in Schwind's arrest.

On July 2, 2019, Schwind filed this civil lawsuit in Cook County Circuit Court, and thereafter, defendants timely removed the suit to federal court. (*See generally* Not. of Removal, ECF No. 1 at 1-3.) In his Complaint, Schwind brings a § 1983 claim against Defendant Koste for excessive force (Count I); a § 1983 claim against Defendant Carrasco for excessive force (Count II); a state law claim for intentional infliction of emotional distress against Defendants Koste, Carrasco, Svendsen, and the City of Evanston (Count III); a state law claim for indemnification and respondent superior against Defendant City of Evanston (Count IV); and state law claims for assault, battery, and willful and wanton conduct against Defendants Koste, Carrasco, Svendsen, and Demitrous (Count V). Defendants move to dismiss the Complaint in its entirety.

## **LEGAL STANDARD**

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mithceff*, 696 F.3d 635, 637 (7th Cir. 2012). To survive a motion to

dismiss for failure to state a claim, a plaintiff's complaint must contain "a short and plain statement of the claim[s] showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under federal notice-pleading standards, a plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts must] accept the well-pleaded facts in the complaint as true, but [they] need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013).

Further, a court can take judicial notice of matters of public record without converting a motion to dismiss into one for summary judgment. *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080-81 (7th Cir. 1997). "The most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records." *Id*. (citation omitted). This principle can extend to criminal plea agreements and transcripts of criminal court hearings. *See Scholes v. Lehmann*, 56 F.3d 750, 762 (7th Cir. 1995) (taking judicial notice of facts recited in plea agreement); *Stewart v. Anderson*, No. 00 C 3056, 2000 WL 1741885, at *3 (N.D. Ill. Nov. 24, 2000) (taking judicial notice of hearing transcript and criminal court docket on motion to dismiss); *Jackson v. City of Chicago*, No. 14 C 6746, 2017 WL 8199322, at *5 (N.D. Ill. Dec. 12, 2017) (considering criminal indictment and transcripts on motion to dismiss).

4

**DISCUSSION**

Defendants raise five arguments in their motion to dismiss, but the Court need only substantively address four of them.[2] First, defendants argue that Schwind is collaterally estopped from bringing all his claims because he pleaded guilty to one felony count of resisting a peace officer. Second, citing *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), defendants argue that Schwind's excessive force claims are barred because, if Schwind ultimately prevails, it would undermine or invalidate his criminal conviction for resisting a police officer. Third, defendants argue that the Evanston Police Department is not a proper defendant and should be dismissed. Fourth, Defendants argue that Defendant Police Chief Demitrous Cook is not a proper defendant and should be dismissed. The Court addresses each of these arguments in turn.

**I. Collateral Estoppel**

Defendants argue that the doctrine of collateral estoppel, also referred to as issue preclusion, bars all of Schwind's claims. Defendants argue that all Schwind's claims are based on a finding that Defendants Koste and Carrasco used excessive force during their July 6, 2018 encounter with Schwind, and Defendants argue that this issue was already decided during Schwind's criminal proceedings when he pleaded guilty to resisting a peace officer. As such, defendants argue Schwind is collaterally estopped from relitigating this issue. (ECF No. 11 at 3-6.) Even accepting at face value Defendants' premise that all of Schwind's claims depend on a determination that Defendants Koste and Carrasco used excessive force on Schwind, the Court finds defendants fail to show the requisite elements of collateral estoppel are met here; particularly,

---

[2] At the end of their motion, defendants argue that Defendant City of Evanston should be dismissed as a defendant because Schwind cannot state a claim against the individual defendants. (ECF No. 11 at 10.) As explained below, defendants fail to show dismissal of the claims against the individual defendants is appropriate, and so dismissal of Defendant City of Evanston is likewise not appropriate.

5

defendants fail to show that the issues decided in Schwind's criminal proceedings are identical to the issue presented by Schwind's excessive force claims.

The Court looks to Illinois law for the applicable principles of collateral estoppel. *Wells v. Coker*, 707 F.3d 756, 761 (7th Cir. 2013). Under Illinois law, the doctrine of collateral estoppel exists to prevent litigants from relitigating issues that have already been fairly and completely resolved in an earlier action. *See Du Page Forklift Serv., Inc. v. Material Handling Servs., Inc.*, N.E.2d 845, 849 (Ill. 2001). Collateral estoppel applies where a defendant shows: (1) the issue decided in the prior adjudication is identical with the one presented in the current action; (2) there was a final judgment on the merits in the prior adjudication; and (3) the party against whom estoppel is asserted was a party to, or in privity with a party to, the prior adjudication. *Id*. Importantly, collateral estoppel is an affirmative defense, so defendants bear the burden to set forth facts sufficient to satisfy each element of the defense. *Adair v. Sherman*, 230 F.3d 890, 894 (7th Cir. 2000); *see also Johnson v. Oystacher*, No. 15-cv-02263, 2019 WL 4749913, at *3 (N.D. Ill. Sept. 30, 2019) (noting that dismissal under Rule 12(b)(6) based on affirmative defense is proper where the facts that establish the defense are "definitively ascertainable" from the complaint and other materials subject to judicial notice and "those facts conclusively establish the defense").

Again, even assuming defendants meet the second and third elements, the Court finds defendants fail to show that the issues decided during Schwind's guilty plea hearing are identical to the relevant issue here, i.e., whether the defendant officers used excessive force. Defendants argue that the "issue here—whether Officers Koste and Carrasco used excessive force—were [sic] included in the stipulated factual basis for the Court's entry of judgment against [Schwind]." (ECF No. 11 at 5.) Defendants apparently argue that because the criminal court found Schwind resisted during the July 6, 2018 encounter, the defendant officers used "force necessary to gain control" of

Schwind and arrest him, and as such, the force used could not be excessive. (*Id.*) But in the transcript containing the stipulated factual basis upon which defendants rely, the court makes no clear finding of fact or law regarding whether the force used by the defendant officers on Schwind was appropriate.

First, the transcript makes no mention whatsoever of Defendant Carrasco or the force he allegedly used on Schwind. While the transcript does mention the fact that Defendant Koste used her Taser on Schwind, there is no finding that Defendant Koste's actions were not excessive under the circumstances, nor does it appear that such a finding was explicitly or implicitly necessary for Schwind to plead guilty to resisting a peace officer. Simply put, while the stipulated factual basis included the fact that Defendant Koste used force, the issue actually decided was whether Schwind resisted Koste within the meaning of Illinois' criminal code. (*See* ECF No. 11, Ex. C at 3:15-4:5); *see also* 720 ILCS 5/31-1(a-7). If, as a matter of law, Defendant Koste's use of her Taser was not excessive under the alleged circumstances, the criminal court records fail to conclusively establish that and defendants fail to make that showing. Indeed, defendants fail to cite legal authority in support of their position, and the Court is aware of decisions in this district finding to the contrary. *See e.g., Wilson v. Keske*, No. 09 CV 8063, 2010 WL 4065665, at *3 (N.D. Ill. Oct. 15, 2010) (finding plaintiff pleading guilty to criminal battery of police officer did not collaterally estop subsequent § 1983 excessive force claim because "[t]he criminal case focused on [plaintiff's] treatment of [defendant officer]…[whereas] the focus of the § 1983 claim…is on [defendant officer's] treatment of [plaintiff]"); *see also Mendez v. City of Chicago*, No. 18 C 6313, 2019 WL 4934698, at *7 (N.D. Ill. Oct. 7, 2019) (finding criminal conviction did not collaterally estop plaintiff's excessive force claim, in part, because plaintiff "did not litigate [in prior criminal

7

proceedings] whether the quantum of force used to secure his arrest was excessive or violated his bodily integrity"). Accordingly, collateral estoppel does not bar Schwind's claims here.

**II.     *Heck* Bar**

Next, defendants argue that Schwind's excessive force claims are barred by the rule announced in *Heck v. Humphrey*, 512 U.S. at 487. Under *Heck*, a plaintiff may not bring a § 1983 claim if success on that claim would necessarily imply that the plaintiff's previous criminal conviction was invalid. *Id*. at 486-87. The rationale underlying *Heck* is that an individual should be prevented from attacking the validity of a criminal conviction through channels other than the appeal process, the *habeas corpus* process, or analogous collateral proceedings. *Id*. at 486. Accordingly, pursuant to *Heck*, the Court must determine whether the allegations underlying Schwind's § 1983 claim suggest that his criminal conviction is invalid.

Schwind's excessive force claim against Defendant Carrasco is clearly not barred by *Heck*. Again, Defendant Carrasco is never mentioned in the transcript of Scwhind's guilty plea upon which defendants rely, but the transcript makes clear that Schwind committed the crime of resisting prior to being handcuffed. (ECF No. 11, Ex. C at 6:12-7:14.) According to Schwind's complaint, Defendant Carrasco's alleged use of excessive force comes *after* Schwind was already handcuffed. More specifically, Schwind alleges that Defendant Carrasco "verbally confirmed with Koste that [Schwind] was in handcuffs" and then Defendant Carrasco repeatedly struck Schwind "in the face with closed fists causing immediate and severe bleeding, swelling and bruising." (ECF No. 1 at ¶ 14.) Thus, Schwind alleges Defendant Carrasco used excessive force after Schwind had been subdued. To find that Schwind's excessive force claim against Defendant Carrasco is barred by *Heck* here "would imply that once a person resists law enforcement, he has invited the police to inflict any reaction or retribution they choose, while forfeiting the right to sue for damages."

8

*VanGilder v. Baker*, 435 F.3d 689, 692 (7th Cir. 2006). The Seventh Circuit has soundly rejected such an implication, and the Court finds that *Heck* does not bar Schwind's excessive force claim against Defendant Carrasco at this stage.

On the other hand, Schwind's excessive force claim against Defendant Koste presents a closer call. Again, Schwind was convicted of felony "resisting a peace officer" in violation of 720 ILCS 5/31-1, which states:

> A person who knowingly resists or obstructs the performance by one known to the person to be a peace officer…of any authorized act within his or her official act within his or her official capacity commits [a violation of this Section]…A person convicted for a violation of this Section whose violation was the proximate cause of an injury to a peace officer…is guilty of a Class 4 felony.

720 ILCS 5/31-1(a-7). Schwind pleaded guilty to the act of resisting Defendant Koste and that his act proximately caused injury to Defendant Koste. (ECF No. 11, Ex. C at 3:15-4:5.)

Schwind's excessive force claim against Defendant Koste is premised specifically on her alleged use of her Taser during the July 6, 2018 encounter, and his conviction of resisting does not categorically bar his claim on *Heck* grounds here. The Seventh Circuit has made clear that a conviction for resisting and a § 1983 excessive force claim can coexist. *See Hardrick v. City of Bolingbrook*, 522 F.3d 758, 762 (7th Cir. 2008) ("A person convicted of resisting or assaulting a police officer, however, is not precluded from bringing a § 1983 action 'for excessive force stemming from the same confrontation.'") (quoting *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006)); *see also VanGilder*, 435 F.3d at 692.

Accordingly, the Court rejects defendants' argument that Schwind's criminal conviction for resisting "necessarily entails a finding that the officers did not use excessive force." (ECF No. 11 at 7.) Defendants fail to sufficiently support this position. Defendants do cite authority for the proposition that, while a person may not resist arrest, "an exception [to criminal liability] is made

9

when the officer uses excessive force." (*Id.* (citing *People v. Wicks*, 823 N.E.2d 1153, 1156 (Ill. App. Ct. 2005) and *Volland-Golden v. City of Chicago*, 89 F. Supp. 3d 983, 990 (N.D. Ill. 2015).) However, the Court thinks defendants ignore that this "excessive force exception" is treated as the right of self-defense under Illinois law. *See Wicks*, 832 N.E.2d at 1156. Because self-defense is an affirmative defense, a defendant must raise it, *In re T.W.*, 888 N.E.2d 148, 156 (Ill. App. Ct. 2008), and because there is no indication Schwind raised this issue at any point during the criminal proceedings, the Court does not see how Schwind's conviction necessarily entailed a finding that Defendant Koste did not use excessive force. To the contrary, the essence of Schwind's claim against Defendant Koste is that, despite his resistance, Defendant Koste's use of her Taser constituted excessive force. Again, Schwind's claim premised on this theory avoids the *Heck* bar.

However, the Court agrees with defendants that Schwind does allege some facts which imply the invalidity of his criminal conviction. Specifically, Schwind makes sweeping statements in his complaint like "[t]here was no legal cause for Defendants Koste and Carrasco to use force against the plaintiff" and that Schwind was "no threat to anyone" when Defendant Koste used her Taser despite his admission during criminal proceedings that he did push Captain Lynch and pull away from Defendant Koste, hitting her face and body in the process. (ECF No. 1 at ¶ 18.) Given Schwind's admissions, the Court finds some isolated allegations in Schwind's complaint do imply the invalidity of his conviction, and as such, Schwind fails to "straddl[e] a fine line" that *Heck* demands. *Hardrick*, 522 F.3d at 764 (finding claim based on allegation that defendants used excessive force while plaintiff was "peaceably waiting to be handcuffed" was not barred by *Heck* even though plaintiff admitted to "struggl[ing] while being handcuffed" because one fact did not preclude the other); *Evans*, 603 F.3d at 364 (finding that, so long as plaintiff abandoned allegations he did not resist being taken into custody, he could proceed on § 1983 excessive force claim based

10

on allegations that defendants "used excessive force to effect custody" and that defendants "beat him severely even after reducing him to custody"). As defendants point out, Schwind is "master of his ground" and chooses to imply the invalidity of his conviction by including these allegations in his complaint. *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003). As such, the Court dismisses Count I of Schwind's complaint without prejudice to allow him the opportunity to fix these minor pleading defects.

### III.  Evanston Police Department

Defendants next argue that the Evanston Police Department must be dismissed because it is not a suable entity. (ECF No. 11 at 8.) The Court need not linger long here. In his response, Schwind concedes that the Evanston Police Department is not a suable entity. (ECF No. 21 at 5.) The Court agrees. The City of Evanston is the proper defendant in this case, and "the police department is not a separate entity that can be sued under § 1983…." *Norman v. City of Evanston*, 176 F. App'x 666, 667 (7th Cir. 2006) (substituting City of Evanston for Evanston Police Department as defendant where plaintiff brought § 1983 claims alleging excessive force); *see also Courtney v. City of Chicago*, 439 F. App'x 557, 558 (7th Cir. 2011) ("[A] police department is not a suable entity in Illinois."); *Chan v. Wodnicki*, 123 F.3d 1005, 1007 (7th Cir. 1997). Accordingly, the Court dismisses the Evanston Police Department with prejudice and orders it be removed from the case caption. *See Courtney*, 439 F. App'x at 557 n\* (removing police department from case caption); *see also Best v. City of Portland*, 554 F.3d 698 n\* (7th Cir. 2009) (removing police department from case caption).

### IV.  Defendant Police Chief Demitrous Cook

Finally, Defendants argue that Defendant Police Chief Demitrous Cook should be dismissed from this suit. Defendants contend that Schwind sues Defendant Cook only in his

11

official capacity, and that as such, plaintiff is actually suing the governmental entity that employs Defendant Cook, i.e., the City of Evanston. (ECF No. 11 at 9.) Defendants argue that because Schwind already names the City of Evanston as a defendant, naming Defendant Cook is redundant, and Defendant Cook should be dismissed. (*Id.*)

In response, Schwind argues only that he can state a § 1983 claim against Defendant Cook in his official capacity by alleging that Schwind was injured "as a result of an official policy, custom, or practice." (ECF No. 21 at 5 (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694-95, 98 S. Ct. 2018, 2037-38 (1978)).) In other words, Schwind argues he states a *Monell* claim against Defendant Cook. Schwind argues he has alleged a claim against Defendant Cook because Schwind alleges that "Chief Cook was responsible for the day to day operations of the City of Evanston Police Department, including training and implementing procedures for the use of force by his subordinate officers that led to [Schwind's] injuries." (*See* ECF No. 21 at 5-6.) Schwind's argument does not really tackle the issue of redundancy that defendants raise, but the Court will address whether Schwind sufficiently pleads a *Monell* claim.

In order to state a *Monell* claim, Schwind must sufficiently allege that the constitutional violation he suffered—here, a Fourth Amendment violation stemming from the defendant officers' excessive force—was caused by: (1) an express municipal policy; (2) a widespread practice or custom; or (3) a decision by a municipal agent with final policymaking authority. *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000). Here, Schwind has failed to plausibly allege a *Monell* claim because he alleges no facts regarding a policy, practice or custom—express or otherwise—regarding the use of force by Evanston police officers nor does he allege any facts that an agent with final policymaking authority (like Defendant Cook) directed or approved the use of force against him. Schwind's sole allegation that Defendant Cook was generally responsible for

12

day-to-day operations is insufficient to plausibly state a *Monell* claim because, again, there is nothing to suggest that Defendant Cook directed the defendant officers to use excessive force or decided more generally that Evanston police officers should use excessive force. *See e.g., Carmona v. City of Chicago*, No. 15-CV-462, 2018 WL 306664, at *3 (N.D. Ill. Jan. 5, 2018) (dismissing *Monell* claim based on "conclusory" allegations and collecting cases).

Additionally, defendants are correct to argue that, in the § 1983 context, alleging a claim against a defendant in his or her official capacity is merely another way of alleging the claim against the entity of which the officer is an agent. *See Sow v. Fortville Police Dep't*, 636 F.3d 293, 300-01 (7th Cir. 2011) (citing *Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S. Ct. 3099 (1985)). Accordingly, a court treats an official-capacity claim as a claim against the governmental entity. *Id*. Following this principle, courts have found it appropriate to dismiss a defendant official as redundant where the plaintiff names both the official and the governmental entity as defendants. *See Reed v. Illinois*, 798 F. App'x 932, 934 (7th Cir. 2020) (noting district court dismissed plaintiff's claims against officials as redundant of plaintiff's claims against state); *see also Tom Beu Xiong v. Fischer*, 787 F.3d 389, 398-99 (7th Cir. 2015) (noting an official capacity suit against supervisor would be redundant considering plaintiff also named government department as defendant); *Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303*, 783 F.3d 634, 640 (7th Cir. 2015) (accepting argument that naming superintendent as defendant was redundant because plaintiff also named school board as defendant); *Ctr. for Bio-Ethical Reform, Inc. v. Los Angeles Cty. Sheriff Dep't*, 533 F.3d 780, 799 (9th Cir. 2008) ("When both a municipal officer and a local government entity are named, and the officer is named only in an official capacity, the court may dismiss the officer as a redundant defendant."). So even if Schwind had stated a claim against Defendant Cook,

13

it would be redundant because Schwind also names the City of Evanston as a defendant. Accordingly, the Court grants Defendants' motion to dismiss Defendant Cook without prejudice.[3]

## CONCLUSION

Based on the foregoing, the Court grants in part and denies in part Defendants' motion to dismiss [11]. More specifically, Defendant Evanston Police Department is dismissed with prejudice. Defendant Police Chief Demitrous Cook and the § 1983 excessive force claim against Defendant Koste (Count I) are dismissed without prejudice. If Schwind desires to file an amended complaint and can do so consistently with this Memorandum Opinion and Order, he may do so within 21 days.

**SO ORDERED.**  ENTERED: June 4, 2020

_____
**HON. JORGE ALONSO**
**United States District Judge**

---

[3] Confusingly, in his complaint, the only claims Schwind brings against Defendant Cook are *state law* claims for assault, battery, and willful and wanton conduct (Count V). (ECF No. 1 at ¶¶ 48-53.) Generally speaking, state law claims do not pose the same problem regarding *respondeat superior* liability that § 1983 claims do, but the issue of redundancy that defendants raise appears the same. *See e.g., Lopez v. Dart*, No. 06 C 4836, 2008 WL 4889088, at *19 (N.D. Ill. July 17, 2008) (finding state law battery claim against sheriff in his official capacity is actually claim against sheriff's office and permitting claim to proceed based on theory of *respondeat superior*). However, the Court addresses only the issues raised by the parties, and Schwind's sole argument here is that he states a § 1983 *Monell* claim against Defendant Cook. *See Jones v. Connors*, No. 11 C 8276, 2012 WL 4361500, at *7 (N.D. Ill. Sept. 20, 2012) ("A party's failure to respond to arguments the opposing party makes in a motion to dismiss operates as…an abandonment of any argument against dismissing the claim."). In light of Schwind's position and the fact that he also names the City of Evanston, the Court finds it proper to dismiss Defendant Cook without prejudice and grant Schwind the opportunity to amend his complaint.